# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BUSINESS LOAN CENTER, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0555-WS-B |
| | ) |
| M/V CAPE FLORIDA, *in rem*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter, which was recently transferred to the undersigned's docket, comes before the Court on plaintiff's Motion for Default Judgment (doc. 17) against the *in rem* defendant, the M/V CAPE FLORIDA (the "Vessel"). Plaintiff requests that this Court enter a default judgment against the Vessel in the amount of $1,214,657.77, plus reasonable attorney's fees, interest and costs. No certificate of service accompanied the Motion, and it appears that no notice of this Motion or the proposed default judgment has been given to anyone.

On December 20, 2017, Magistrate Judge Bivins entered an Order (doc. 5) directing issuance of a warrant for arrest of the Vessel. The Clerk of Court promptly issued a Warrant for Arrest *in Rem* (doc. 6), after which the U.S. Marshals Service arrested the Vessel and placed it in the possession of a substitute custodian. (*See* doc. 13.) Plaintiff attempted to give actual notice of this action to the Vessel's owner, Cape Towing, Inc., via certified mailing dated January 19, 2018; however, Cape Towing refused delivery of same. (Willhoft Aff. (doc. 17-2), at 1 & Exhs. B & C.) Plaintiff also gave public notice of this action and the arrest of the Vessel via publication in *The Press Register* made on February 14, 21, and 28, 2018. (*Id.* at 2 & Exh. A.) Pursuant to that publication, the deadline for any person to assert an ownership interest or a right of possession in the Vessel via appropriate filing in this action was March 15, 2018. That deadline for filing verified statements of claim has now expired, yet no owner, claimant or lienholder has come forward and no statements of interest have been filed by anyone. Moreover,

no answer has been filed and no one has appeared to defend on behalf of the M/V CAPE FLORIDA.

The foregoing circumstances, as documented above and in the court file, plainly satisfy the criteria for a Clerk's Entry of Default against the Vessel pursuant to Rule 55(a), Fed.R.Civ.P.

That said, there is a significant technical infirmity in plaintiff's filing. In particular, plaintiff improperly conflates the distinct procedures of a clerk's entry of default and a court's entry of default judgment. The law is clear that these are separate steps that should not be combined into one. *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment."). "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Gottschalk v. City and County of San Francisco*, 964 F. Supp.2d 1147, 1165 (N.D. Cal. 2013) ("entry of default judgment is a two-step process; default judgment may be entered only upon the entry of default by the Clerk of the Court") (citation omitted); *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment."). The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment.[1] Plaintiff has attempted to merge these two

---

[1] *See, e.g., Whitesell Int'l Corp. v. Smith Jones, Inc.*, 827 F. Supp.2d 964, 967 (S.D. Iowa 2011) ("After default has been entered, a plaintiff can move for a default judgment …"); *Christenson Media Group, Inc.*, 782 F. Supp.2d 1213, 1223 (D. Kan. 2011) ("By moving for default judgment first, plaintiff is trying to skip step one and jump to step two. A plaintiff may not seek default judgment before it has applied for entry of default."); *Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n. 2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 8–9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default (Continued)

distinct steps into one by requesting that this Court leapfrog over the entry of default requirement and proceed directly to entry of default judgment.

Under the circumstances, it is ordered that the Motion for Default Judgment (doc. 17) is **granted in part**. The Clerk of Court is **directed** to enter a default against the Vessel pursuant to Rule 55(a), Fed.R.Civ.P. However, plaintiff's request for entry of default judgment is **denied** as premature. The Clerk of Court is directed to mail copies of this Order to Cape Towing, Inc., 2033 NE 6th Terrace, Wilton Manors, FL 33305; and to Cape Towing Caribbean, Inc., #1 Anguilla, Kingshill, St. Croix, U.S. Virgin Islands 00820, to ensure that the Vessel owner has notice of the pending default proceedings. If no motion to set aside the default is filed with the Clerk of Court on or before **April 4, 2018**, plaintiff may renew its Motion for Default Judgment, supported by exhibits and authorities, as appropriate.

DONE and ORDERED this 21st day of March, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

judgment); *Lewis v. Parker*, 2014 WL 3735244, *2 (E.D. Mich. June 24, 2014) ("In this case, the Clerk has not entered [a] default under Rule 55(a). Therefore, Plaintiff is not entitled to a default judgment under Rule 55(b).").