IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BUSINESS LOAN CENTER, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0555-WS-B |
| | ) |
| M/V CAPE FLORIDA, *in rem*, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (doc. 23). The Motion, as to which no opposition has been filed, is now ripe.[1] The Court has also considered the Supplemental Memorandum (doc. 25) filed by plaintiff in support of its Motion.

**I. Procedural History.**

Plaintiff, Business Loan Center, LLC, filed its Verified Complaint (doc. 1) against the M/V CAPE FLORIDA, *in rem* (the "Vessel"), on December 18, 2017. Well-pleaded factual allegations in the Complaint reflect that the Vessel's owners, nonparties Cape Towing, Inc. and Cape Towing Caribbean, Inc. (collectively, "Cape Towing"), became indebted to Business Loan Center in November 2007 pursuant to a promissory note secured by a Preferred Ship Mortgage on 100% of the Vessel in the amount of $2 million. (Doc. 1, ¶¶ 5-6.) The Complaint further alleges that Cape Towing defaulted on its indebtedness to Business Loan Center by failing to

---

[1] The record reflects multiple attempts by both plaintiff and this Court to give potential claimants, Cape Towing, Inc. and Cape Towing Caribbean, Inc., notice of this *in rem* action and the ongoing default proceedings via certified mailings, first-class mailings, and publication in *The Press Register*. (*See* Willhoft Aff. (doc. 23-2), at 1-2 & Exhs. A-C; docs. 15, 16, 19-21.) Notwithstanding these attempts to furnish notice, and the fact that Cape Towing's vessel, the *in rem* defendant M/V CAPE FLORIDA, was arrested by the U.S. Marshals Service on December 27, 2017 (*see* doc. 13) and has been held by a substitute custodian in Bayou La Batre, Alabama since that time, Cape Towing, Inc. and Cape Towing Caribbean, Inc. have neither appeared in this action nor taken steps to interpose claims for relief, set aside the default, or defend their interests in the *in rem* defendant.

make installment payments on the note that were due and owing from October 2016 through the present. (*Id.*, ¶ 8.) On the strength of these and other allegations, Business Loan Center's Complaint requested that the Vessel be arrested; that judgment be entered in plaintiff's favor in the amount of $1,214,657.77 (which was alleged to be the unpaid balance on the note as of December 8, 2017), plus reasonable attorney's fees, interest, and costs; and that the Vessel be condemned and sold to satisfy said judgment.

On December 20, 2017, Magistrate Judge Bivins entered an Order (doc. 5) directing issuance of a warrant for arrest of the Vessel. The Clerk of Court promptly issued a Warrant for Arrest *in Rem* (doc. 6), after which the U.S. Marshals Service arrested the Vessel and placed it in the possession of a substitute custodian. (*See* doc. 13.) Plaintiff attempted to give actual notice of this action to Cape Towing via certified mailing dated January 19, 2018; however, Cape Towing refused delivery. (Willhoft Aff. (doc. 23-2), at 1 & Exhs. B & C.) Plaintiff also gave public notice of this action and the Vessel's arrest via publication in *The Press Register* on three occasions in February 2018. (*Id.* at 2 & Exh. A.) Neither Cape Towing nor any other claimant has ever submitted a verified statement of claim pursuant to Supplemental Rule C(6)(A), or has otherwise taken meaningful action to defend against Business Loan Center's *in rem* claims against the Vessel. All deadlines for doing so have long since expired.

On March 21, 2018, the undersigned entered an Order (doc. 19) granting plaintiff's request for default. A Clerk's Entry of Default against the Vessel was entered on the same date pursuant to Rule 55(a), Fed.R.Civ.P. (*See* doc. 20.) Copies of the March 21 Order and the Clerk's Entry of Default were mailed to Cape Towing at two addresses of record, but were returned as undeliverable. (*See* docs. 21 & 22.) Despite a full and fair opportunity, and (at a minimum) constructive notice of the Vessel's arrest and these proceedings, Cape Towing has not come forward to oppose or object to these default proceedings against the Vessel. Accordingly, on April 5, 2018, Business Loan Center filed its Motion for Default Judgment (doc. 23), seeking entry of default judgment against the Vessel in the amount of $1,214,657.77, along with reasonable attorney's fees, interest and costs. Plaintiff served copies of its Motion on Cape Towing at its addresses of record, but that entity has neither appeared nor contested entry of default judgment against the Vessel in the specified amount.

## II. Propriety of Entry of Default Judgment.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, defendant and putative claimants have failed to appear or otherwise respond to a pending lawsuit for four months, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[2] In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what has happened here. Despite service of process on the Vessel (and notice to all known claimants, including Cape Towing) in December 2017, no claims were made and no entity or person stepped forward to defend against this action.

---

[2] *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

That said, a defendant's failure to appear and a Clerk's Entry of Default do not automatically entitle a plaintiff to a default judgment in the requested (or any) amount. After all, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Cotton States Mut. Ins. Co. v. Sellars*, 2008 WL 4601015, *5 (M.D. Ala. Oct. 15, 2008) ("the failure to defend does not automatically entitle a plaintiff to recover"); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

The threshold question, then, is whether the Complaint states a viable claim for relief. The Court readily concludes that it does. After all, the well-pleaded factual allegations of the Complaint (which are deemed admitted pursuant to Rule 55) identify in sufficient detail the subject promissory note, Cape Towing's default of same, plaintiff's security interest in the Vessel pursuant to the Preferred Ship Mortgage, Cape Towing's breach of its obligations under said Preferred Ship Mortgage, and plaintiff's contractual right to recover against the Vessel, *in rem*, pursuant to the express terms of the note and the Preferred Ship Mortgage.

Because the Complaint is sufficient to state a claim against the Vessel, the Court finds that entry of default judgment is appropriate pursuant to Rule 55, given the failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (which are now deemed admitted) to establish liability of the defendant Vessel to plaintiff.

**III.     Amount of Damages.**

Notwithstanding the propriety of default judgment, it remains incumbent on Business Loan Center to prove damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of

default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[3]

---

[3] In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."). Because the Court has given plaintiff a fair opportunity to present whatever evidence of damages it wishes to submit, and has even prompted plaintiff to supplement its damages showing, and because plaintiff has at no time requested a hearing, the Motion for Default Judgment will be decided on the papers, without convening a damages hearing.

Plaintiff's Motion for Default Judgment provided negligible information, supporting evidence or argument concerning damages. To be sure, the Motion indicated that Business Loan Center was requesting a default judgment "in the amount of One Million, Two Hundred Fourteen Thousand, Six Hundred Fifty-Seven Dollars and 77/100 ($1,214,657.77) DOLLARS, together with reasonable attorney's fees, interest and costs." (Doc. 23-1, at 4.) But the Motion did not cite any evidence for the $1,214,657.77 figure. It made no attempt to quantify the amounts sought for attorney's fees, interest and costs, much less to identify supporting evidence for those amounts, or even to explain the legal or factual bases for those components of the requested recovery.

In recognition of these deficiencies, the Court afforded plaintiff a second chance to meet its burden of proving up both a legitimate basis for and the amounts of the requested categories of monetary relief. Specifically, on April 12, 2018, the undersigned entered an Order (doc. 24) explaining plaintiff's burden and observing that "the Motion lacks any evidentiary foundation setting forth a specific factual basis for the requested amount of damages, and no facts whatsoever quantifying the amounts of – and the legal or contractual basis of entitlement for – attorney's fees, interest and costs claimed." On that basis, the April 12 Order directed Business Loan Center to supplement its Motion, and prescribed a two-week window for that purpose. The requisite supplementation was outlined as follows:

> "[A]n appropriate factual and legal showing that (i) quantifies the amount of each category of damages or other relief sought; and (ii) demonstrates, as a legal or contractual matter, plaintiff's entitlement to attorney's fees, interest and costs in the specified amounts."

(Doc. 24, at 1.)

The morning after entry of the April 12 Order, Order, Business Loan Center filed its Supplemental Memorandum in Support of Motion for Default Judgment (doc. 25), much of which was not responsive to the specific concerns raised and instructions given by the April 12 Order. At most, the Supplemental Memorandum pointed to the barebones Affidavit of Dan Zellers, a Vice President of Business Loan Center, LLC, in which he averred that he had "reviewed the above and foregoing Complaint and the contents thereof are true and correct to the best of his knowledge." (Doc. 1, Exh. E.) The Complaint, in turn, specified that (i) pursuant to a Note dated November 2, 2007, Cape Towing agreed to repay a $2 million loan to Business Loan Center in monthly installments, plus interest; (ii) Cape Towing's obligations under the Note were

secured by a Preferred Ship Mortgage on 100% of the M/V CAPE FLORIDA in the amount of $2 million; (iii) Cape Towing breached the Note and defaulted under the terms and conditions of the mortgage in October 2016, triggering an acceleration provision under the Note such that the full amount is now owed; and (iv) as of December 8, 2017, the principal balance due and owing on the Note was $1,214,657.77. (Complaint (doc. 1), ¶¶ 5-9.) The Court accepts the Zellers Affidavit's averment of the truth of these facts pleaded in the Complaint as providing an adequate factual basis for the $1,214,657.77 damages figure claimed by Business Loan Center in its Motion for Default Judgment. Because plaintiff's evidence shows that the unpaid principal owed on the Note secured by the M/V CAPE FLORIDA equals **$1,214,657.77**, that sum is properly included in the default judgment award against the *in rem* defendant.

Plaintiff's Supplemental Memorandum cites in passing (and without discussion) sections of the Note and Preferred Ship Mortgage that it says entitle plaintiff to recover interest, attorney's fees, costs and other expenses as part of the default judgment. However, plaintiff has made no evidentiary showing to quantify those categories of contractual damages. Plaintiff points to no record facts that would establish the amount of interest owed, the amount and reasonableness of attorney's fees incurred by plaintiff, or the amount and reasonableness of costs and other expenses claimed. Those matters simply are not addressed in the Motion for Default Judgment, the Supplemental Memorandum or plaintiff's evidentiary showing. This omission happened despite the Court's explicit directive to Business Loan Center on April 12, 2018 that its supplemental submission must contain "an appropriate factual and legal showing that (i) quantifies the amount of each category of damages or other relief sought; and (ii) demonstrates, as a legal or contractual matter, plaintiff's entitlement to attorney's fees, interest and costs in the specified amounts." (Doc. 24.) These enumerated categories are all elements of plaintiff's claimed contractual damages and are integral to the merits of plaintiff's case. As such, the time to prove them is prior to entry of default judgment, not some indeterminate time post-judgment.[4]

---

[4] *See, e.g., Ierna v. Arthur Murray Int'l, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."); *SE Property Holdings, LLC v. Green*, 2013 WL 790902, *4 (S.D. Ala. Mar. 1, 2013) ("The law is clear that provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach.") (citations and internal quotation marks omitted); *RBC Bank (USA) v. Glass*, 773 F. Supp.2d 1245, 1247 (N.D. Ala. 2011) (indicating that "a trial court must distinguish between post-judgment prevailing party fees, and fees owed as an integral part of a (Continued)

Under the circumstances, and given this defect of plaintiff's proof and plaintiff's noncompliance with the April 12 Order, the Court exercises its discretion to **disallow** recovery of attorney's fees, interest and costs as part of the default judgment to be entered in this case. Despite being afforded multiple opportunities to do so, plaintiff has not met its burden of establishing a legitimate evidentiary basis for any award of those elements of damages.

IV. **Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Motion for Default Judgment (doc. 23) is **granted in part**, and **denied in part**;
2. A default judgment will be entered in favor of the plaintiff, Business Loan Center, LLC, and against defendant, M/V CAPE FLORIDA, *in rem*, upon plaintiff's claim on the Preferred Ship Mortgage held by plaintiff on the M/V CAPE FLORIDA in the amount of **$1,214,657.77**, all being secured by said Mortgage; and
3. As part of the default judgment, it will be ordered, adjudged and decreed that the M/V CAPE FLORIDA, her engines, tackle, apparel, etc., be condemned and sold to satisfy the judgment.

DONE and ORDERED this 19th day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

contractual obligation," and that a plaintiff seeking fees in a breach of contract claim is generally "required to prove its attorney's fees as part of its case-in-chief" because "[d]amages in the form of attorney's fees were an integral part of RBC's claim for breach of contract"); *Koninklijke Ahold, N.V. v. Millbrook Commons, LLC*, 2013 WL 4045072, *2-3 (M.D. Ala. Aug. 8, 2013) (where parties have contractually agreed to award of attorney's fees in action to recover on such contract, "the claim for attorneys' fees may be waived if not properly presented at trial" and cannot be addressed via post-trial motion because award of attorney's fees pursuant to contract "is an integral part of the merits of the case") (citations omitted).